## Jefferson County *versus* Reitz.

The 31st section of Act of March 31st 1856, giving certain penalties for infringing the liquor laws to the school directors, is not repealed by the 78th section of Act of March 31st 1860 (Criminal Procedure).

October 23d 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Jefferson county* : No. 116, to October and November Term 1867.

The facts of this case are as follows :—

Henry Frank and five other persons were severally convicted on six different bills of indictment for selling liquor without license. They were each sentenced to pay a fine (the whole fines amounting to $525), which the court directed in the sentence should be paid to the treasurer of the Brookville Borough School Fund ; all the defendants residing in that borough.

M. W. Reitz, the plaintiff in error, as sheriff of Jefferson county, collected the fines, and in the settlement of his accounts the county auditors charged him with the amount as payable to the county.

From this settlement he appealed. In the issue made up on the appeal, in which he was the plaintiff and the county of Jefferson the defendant, the court instructed the jury that the school directors were entitled to the fines, and there was a verdict accordingly for the plaintiff.

The defendant took a writ of error, and assigned the instruction of the court for error.

*R. C. Winslow*, for plaintiff in error, cited Acts of March 31st 1860, § 78, Purd. 265, pl. 78, Pamph. L. 450 ; 24th March 1818, § 1, Purd. 478, pl. 8, 7 Sm. L. 120 ; March 21st 1856, § 31, Purd. 667, pl. 41, Pamph. L. 207 ; Shinn *v.* Commonwealth, 3 Grant 205 ; Johnston's Estate, 9 Casey 511.

*W. P. Jenks*, for defendant in error, cited the same Acts of Assembly ; Report on Penal Code of 1860, p. 56 ; Billings *v.* Russell, 11 Harris 191 ; Brown *v.* County, 9 Id. 42, 43.

The opinion of the court was delivered, October 28th 1867, by

THOMPSON, J.—There is one conclusive reason why this judgment is to be affirmed, and that is, the defendant, the sheriff of Jefferson county, paid the fines claimed by the county in this suit pursuant to the judgment and sentence of the Court of Quarter Sessions, which remains in full force and virtue. That court exercised jurisdiction in the appropriation of the fines under a statute believed to be in force, and the sheriff paid over the

[Jefferson County *v.* Reitz.]

money in accordance therewith. It certainly had jurisdiction of the subject-matter, and if so, its judgments could not be impeached collaterally, even supposing they were erroneous. We might, and perhaps ought to end our views of this case here, but as it is desired to have an expression of our opinion upon the question whether the act under which the sentences referred to above, were passed was still in force, we will treat it as germain to the subject of this 'writ of error, and give it.

The claim by the county in this action is for fines imposed for violations of the License Law. The 31st section of the Act of 31st March 1856, on this subject, provides that "It shall be the duty of the court, alderman or justice of the peace, before whom any fine or penalty shall be recovered, to award to the informer or prosecutor, or both, a reasonable share thereof for time and trouble, but not in any case to exceed one-third ; and the residue, as well as the proceeds of all forfeited bonds as aforesaid, shall be paid to the directors of the public schools of the proper district," &c. It is doubted whether this section was not repealed by the 78th section of the Act of 31st March 1860, known as the Criminal Procedure Act, which is in these words: " All fines imposed upon any party by any court of criminal jurisdiction shall be decreed to be paid to the Commonwealth ; but the same shall be collected and received for the use of the respective counties in which such fines shall have been imposed as aforesaid, as is now directed by law."

This provision is identical with that in the Act of 24th March 1818, which was changed, so far as fines incurred under the provisions of the License Law were concerned, by the Act of 1856, which gave them, after an allowance to the informer or prosecutor, to the school fund of the district. It does not seem probable that the revisers of the Code meant to touch that act by the re-enactment of the Act of 1818, which was changed by the Act of 1856. Indeed, in their report they say that the section was deemed necessary to the completeness of the Code. It disposed of all fines under it, and it would doubtless be the rule in regard to any new penalties by fine not otherwise distributed by law. Another reason for supposing it improbable that it was meant to repeal the 31st section of the Act of 1856 is, that the offenders of the License Law were not touched by the revisers at all. They were regarded as belonging to the license system, and as part of the legislation on that subject, and were not interfered with by them.

These reasons may perhaps still be thought insufficient to fix a limit upon the universality of the operation of the 78th section of the Act of 1860 ; but we are of opinion that there is sufficient on its face, independently of other considerations, to produce this effect, and that there is a saving or an exception of all fines which were applicable by existing laws to other than county purposes.

The words " that the same shall be collected and received for the use of the respective counties in which such fines shall have been imposed as aforesaid," have qualifying words superadded not necessary to the force of the provision, if intended to be without exception, viz., " *as is now directed by law.*"

By the section, fines are to be decreed to the Commonwealth, but the county is entitled to receive such, as at the passage of the act, or by new acts, were by law directed to be paid to the county in which the fines might be imposed. This did not cover cases like the present, where they were expressly appropriated to the school fund or other distinct purposes than the county.

This, we think, is the meaning of the act, or rather of those qualifying words, and as we can see where they have an actual operation, as in the case before us, we are not at liberty to discard them as meaningless.

In addition to these considerations there is at the end of the Act of 1860 an enumeration of acts and sections repealed by the Code, in which is not to be found any reference to the Act of 1856 on the subject. We must therefore infer that the revisers did not themselves consider it repealed. It is not repealed expressly, and, as already seen, we think it is not by implication. The judgment of the court below was therefore right, notwithstanding the grounds of objection, in holding the payment of the fines in question by the sheriff to the school fund of the borough of Brookville, and that the county was not entitled to them.

Judgment affirmed.