## Commonwealth *versus* McGuirk.

1. The 31st sect. of Act of March 31st 1856, directing fines for the unlaw-ful sale of liquor to be paid to the proper school district, is not repealed by the Acts of April 20th 1858, 22d of March 1867, the 78th sect. of the Crimi-nal Procedure Act of March 31st 1860, nor the 13th sect. of the Judiciary Article of the Constitution of 1873.

2. The Acts of 1858 and 1867 are supplements to the Act of 1856, and are in *pari materiâ* with it.

3. The fines, &c., referred to in the 13th sect. of the Judiciary Article relate only to the police courts of Philadelphia.

4. Jefferson County *v.* Reitz, 6 P. F. Smith 44, a governing case.

March 24th 1875.   Before Agnew, C. J., Sharswood, Mer-cur, Gordon, Paxson and Woodward, JJ.

Certiorari to the Court of Quarter Sessions of *Clearfield county :* Of January Term 1874, No. 341.

At the January Sessions 1874, Patrick McGuirk was indicted for selling liquor without license and pleaded "Guilty." On the 16th of January the court sentenced the defendant to pay a fine of $50 and the costs of prosecution, and at the same time a rule was granted to show cause why the fine should not be paid to the school directors of Osceola borough, where the offence was com-mitted. The court (Elwell, P. J., of the Twenty-sixth district), on the 9th of March 1874, made the rule absolute and ordered the fine to be paid to the school directors of Osceola.

The County of Clearfield removed the record to the Supreme Court by certiorari, and assigned the order of the court for error.

*W. A. Wallace,* for certiorari.—Act of March 31st 1856, sect. 31, Pamph. L. 207, 2 Br. Purd. 947, pl. 43, enacts that it shall be the duty of the court, mayor, alderman or justice of the peace before whom any fine or penalty shall be recovered, to award to the informer, &c., a reasonable share for his time and trouble, not exceeding one-third, and the residue shall be paid to the directors of public schools of the proper district, except in Phila-delphia, where it shall be paid to the city treasurer, to be applied to school purposes. By 28th sect. of same act, the sale of liquors contrary to the provisions of the act shall be a misdemeanor, and any person, on conviction of such offence, shall pay a fine, &c., and on a subsequent conviction, in addition to the fine, shall be impri-soned, &c. It was under these sections that the court below appropriated the fine to the school district. But the 28th sect. has been repealed by the 11th sect. of Act of April 20th 1858, Pamph. L. 367, which enacts that any unlawful sale of liquors, &c., shall be a misdemeanor, and an offender, on conviction, shall pay a fine, and on a second conviction be imprisoned and forfeit his license, &c. ; by the 22d sect. of the Act of 1858, all parts of the

[Commonwealth v. McGuirk.]

Act of 1856 in conflict with the provisions of the Act of 1858 were repealed. All the penalties of the preceding acts are repealed by the 41st sect. of Act of March 22d 1867, Pamph. L. 41, 2 Br. Purd. 947, pl. 51, which provided for other punishment. The words of the 31st sect. of Act of 1856 relate to penalties to be recovered under that statute. By the repeal of the penalties the power to recover and distribute them is repealed: Genkinger v. Commonwealth, 8 Casey 99; Norris v. Crocker, 13 Howard 429; Yeaton v. United States, 5 Cranch 281; Johnston's Estate, 9 Casey 511. The Act of 1867 creates a new rule and repeals by implication all former statutes imposing penalties: Somerset & Stoystown Road, 24 P. F. Smith 61. Article 5th of the Constitution of 1873 provides for the establishment of courts both of record and not of record, and defines their jurisdiction, &c.; sect. 12th especially provides for police courts in Philadelphia, to be held by magistrates elected as therein directed, whose compensation is to be by fixed salaries; section 13th provides that all fees, fines and penalties in said courts shall be paid into the county treasury. The provision of this section therefore requires the payment of the fine in question into the county treasury.

*T. H. Murray*, contrà, for Osceola borough.—The 13th sect. of article 5th of the new Constitution applies only to police courts in Philadelphia. The 78th sect. of the Criminal Procedure Act of March 31st 1860, Pamph. L. 284, 1 Br. Purd. 396, pl. 83, directs that fines imposed by criminal courts to be paid to the Commonwealth shall be received for the use of the respective counties; but notwithstanding, the fines under the Act of 1856 are payable to the school district: Jefferson County v. Reitz, 6 P. F. Smith 44. He further discussed and compared the provisions of the Acts of 1856, 1858 and 1867. Repeals by implication are not favored: 1 Kent's Com. 524; Commonwealth v. Herring, 6 Cush. 465; Shirm v. Commonwealth, 3 Grant 206.

Judgment was entered in the Supreme Court April 1st 1875,

PER CURIAM.—This case is governed by the decision in Jefferson County v. Reitz, 6 P. F. Smith 44, holding that the 31st section of the Act of March 31st 1856 is not substituted or repealed by subsequent legislation. The license law of 1834 had been largely substituted and repealed by the Act of 1855, a law almost prohibitory in its character. It was in turn supplied and repealed by the Act of 31st March 1856, which has remained the basis, and with its supplements constitutes the present license system for the sale of vinous, spirituous, malt and brewed liquors, except so far as it may have been changed by the legislation of the last session of the Assembly. It opens with a general declaration that it shall be unlawful to keep and maintain any house or place for the sale

of vinous, spirituous, malt or brewed liquors, or admixtures thereof, and in subsequent sections provides for the mode of obtaining licenses to sell the same, and declares what sales shall be unlawful. The 28th section does not specifically define the sales which shall be deemed unlawfnl, but declares that sales made *contrary to the provisions of the law* shall be a misdemeanor and shall be punished as therein directed. This section was repealed by the 11th section of the Act of 20th April 1858, which declared that *any unlawful sale* should be a misdemeanor and punished as therein provided. The Act of 1858 was supplementary to the Act of 1856 and was intended to supersede and supply certain portions of the latter which were deemed by the legislature to be inexpedient. But the Act of 1858 left the Act of 1856 in full force as a general system of license for the sale of liquor and as declaratory of what sales should be deemed unlawful. Being a supplement, and also in *pari materiâ*, excepting to the extent it altered or repealed the Act of 1856, it is not to be construed as repugnant or as an implied repeal. So the Act of 22d March 1867, being a law in aid of the general system, and affecting it only in the matters changed by it, must be viewed in the same light. As a consequence the penalties imposed by the Acts of 1858 and 1867 are not to be treated as flowing from a new and independent system, and therefore as not falling within the provisions of the 31st section of the Act of 1856, but rather to be viewed as parts of the general system whose foundations were laid in the 'Act of 1856. This being the case, there is no conflict, and the penalties under the later acts are to be distributed under the 31st section. The apparent conflict of the 78th section of the Act of 31st March 1860, called the Criminal Code, has been shown not to be real, and therefore as not denying the disposition made in the 31st section of the Act of 1856 : Jefferson County *v.* Reitz, 6 P. F. Smith 44.

The 13th section of the 5th article of the new Constitution we think is not applicable to this case. It directs not only the fines and penalties, but the fees in "*said* courts," to be paid into the county treasury. But "said courts" refers to the courts of police and civil courts to be established under the 12th section, immediately preceding.

> The order of the Court of Quarter Sessions, as to the payment of the fine to the school directors of Osceola borough, is affirmed.