From Otto Herbst, Erie, Pa.

## Collection of Fines and Penalties.

SCHNADER, Special Dep. Att'y-Gen., June 8, 1930.—We have your request to be advised with respect to the circumstances under which fines and penalties imposed by the courts, including courts not of record, are collectible and payable by your department into the State Treasury.

Your inquiry arises because the Controller of the City of Philadelphia has challenged your right to collect from Philadelphia magistrates fines and pen-

alties imposed by them. You desire advice respecting this particular situation and also regarding the collection of fines and penalties in general.

A constitutional provision and an old statute have a very definite bearing upon the question in hand.

Article v, section 13, of the Constitution provides that "All fees, fines and penalties in said courts shall be paid into the county treasury." The section of the Constitution immediately preceding this quotation relates to the organization and powers of the magistrates' courts in Philadelphia; and the Supreme Court, in Com. v. McGuirk, 78 Pa. 298, construed article v, section 13, as applying only to fees, fines and penalties collected in the Philadelphia magistrates' courts. A similar decision had been rendered by Judge Thayer in Com. ex rel. Levis v. Randall, 2 W. N. C. 210.

Two conclusions necessarily follow. Fees, fines and penalties collected by magistrates in Philadelphia must be paid into the county treasury, no matter what provision the legislature may have attempted to make to the contrary in the statute imposing the fines or penalties, or authorizing the collection of fees. The legislature cannot override a constitutional mandate. This is the first conclusion. The second is equally clear, namely, that the constitutional provision does not have any bearing whatsoever upon the disposition of fees, fines and penalties collected by aldermen or justices of the peace outside of Philadelphia, or collected by courts of record, either in Philadelphia or elsewhere. With respect to all fees, fines and penalties collected by officers other than magistrates in Philadelphia, the legislature may validly provide what disposition thereof shall be made.

The statutory provision to which we referred is section 78 of the Act of March 31, 1860, P. L. 427, which is still in force and provides that:

"All fines imposed upon any party, by any court of criminal jurisdiction, shall be decreed to be paid to the Commonwealth; but the same shall be collected and received, for the use of the respective counties in which such fines shall have been imposed as aforesaid, as is now directed by law."

This provision was construed by the Supreme Court in Jefferson County v. Reitz, 56 Pa. 44, in which the court took the view that the Act of 1860 "would doubtless be the rule in regard to any new penalties by fine not otherwise distributed by law."

Accordingly, under this act, as construed by the Supreme Court, it is clear that after the legislature has imposed fines collectible by courts of criminal jurisdiction, such fines are payable into the respective county treasuries, unless the legislature has specifically otherwise provided by general act subsequent to 1860, or in the acts providing for the imposition of the penalties. It is also clear that the Act of 1860 does not cover the case of penalties collectible through the civil as distinguished from the criminal courts.

We, therefore, advise you that in the collection of fines and penalties, your department must be guided by the following principles:

1. In Philadelphia, if fines or penalties are collected by magistrates, your department does not have either the power or the duty to demand that they be turned over to you for payment into the State Treasury. Such fines and penalties are clearly payable to the County of Philadelphia. However, we desire to point out, parenthetically, that magistrates may collect fines and penalties only if and when the legislature has expressly given them jurisdiction to do so. Otherwise, they can merely hold the defendants for trial in the Quarter Sessions or other criminal courts of record.

2. On the other hand, fines and penalties collected by the courts of record in Philadelphia are payable into the State Treasury through your department,

if there is legislation distinctly providing that the fines shall be paid into the State Treasury.

3. Outside of Philadelphia, your department has authority to collect for payment into the State Treasury any fines or penalties, whether imposed by courts of record or courts not of record, in all cases in which the legislature has provided that such fines and penalties shall be paid into the State Treasury. However, in the absence of specific direction to this effect, the fines and penalties are payable into the respective county treasuries, if they were collected by the criminal as distinguished from the civil courts.

4. In all cases in which fines and penalties are collected by administrative agencies of the state government without any specific direction by the legislature as to the disposition to be made of the moneys collected, it is the duty of your department to collect the amounts of the fines and penalties and pay them into the State Treasury.

5. Whenever penalties are imposed by law and the collection thereof is committed to either the Department of Justice or any other administrative agency of the state government and such penalties are collected by civil suit, the amounts recovered are payable into the State Treasury, whether or not the act imposing the penalties specifically so provides. There is neither constitutional nor statutory provision to the contrary, and the rule which prevails in the absence of specific direction to the contrary is that moneys collected by a state department, with or without the aid of the civil courts, is payable into the State Treasury.

From C. P. Addams, Harrisburg, Pa.